UNITED STATES, Appellee

v.

ORAN J. McADAMS, Sergeant, U. S.
Marine Corps, Appellant

6 USCMA 168, 19 CMR 294

No. 6716

Decided July 15, 1955

Commander Earl C. Collins, USN, was on the brief for Appellant, Accused.

Commander George P. Kurtz, USN, was on the brief for Appellee, United States.

## Opinion of the Court

PER CURIAM:

A general court-martial found that the accused Marine had deserted his unit, in violation of the Uniform Code of Military Justice, Article 85, 50 USC § 679. The sole issue before us has to do with whether the evidence before the court-martial sufficed to support its finding that the accused's absence was terminated by apprehension.

The Government's evidence included extracts from the service record book of the accused in which it was reported that he had been apprehended by civilian authorities on November 5, 1954, and returned to military control three days later. As we observed in United States v. Bennett, 4 USCMA 309, 315, 15 CMR 309, there is "no doubt that following June 19, 1953, a duty has existed in the Marine Corps to record apprehension of deserters in service record books and in the Formal Report." More recent rulings by us leave no doubt that such evidence suffices to sustain a court-martial's finding of apprehension. United States v. Simone, 6 USCMA 146, 19 CMR 272; United States v. Lugo, 6 USCMA 151, 19 CMR 277.

Moreover, in the instant case the record of trial reveals unmistakably that the accused and his counsel admitted judicially that he had been apprehended, as that term was used in the specification. Record of Trial, pages 10, 15, 16, 17, 20. Accordingly, the findings and sentence, as approved on intermediate appellate review, must be affirmed.